UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAQUES HALL, | Civil Action No. 21-701 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM & ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter has been opened to the Court on motion of Rachael A. Honig, Acting United States Attorney for the District of New Jersey (by J. Brendan Day ("AUSA Day") and Alexander E. Ramey, Assistant United States Attorneys), for an Order declaring a limited waiver of movant Taques Hall's ("Petitioner" or "Hall") attorney-client privilege with respect to issues raised in his § 2255 Motion. It appearing that:

On November 10, 2021, the Court reopened this matter and directed the government to file an Answer to Petitioner's Amended Motion. *See* ECF No. 10. On December 8, 2022, AUSA Day filed a motion on behalf of the government seeking an Order declaring a limited waiver of movant Taques Hall's attorney-client privilege with his court-appointed counsel, Michael N. Huff, Esq, on the issues identified on page 5 of Hall's Amended Motion. ECF No. 11. On December 10, 2022, the Court entered an Order staying the matter to permit Mr. Hall to respond to the motion. *See* ECF No. 12.

By letter dated December 17, 2022, Mr. Hall wrote to clarify that he raised additional issues in his Amended Motion beyond the ineffective assistance of counsel claim(s) raised in Ground One (Page 5) of his Amended Motion. Mr. Hall has submitted additional letters, ECF No. 15-17,

20, but he does not directly address whether he opposes or consents to the limited waiver of attorney client privilege. *See id.*

The Court, having reviewed Petitioner's Amended § 2255 motion, the documents attached thereto, and the government's motion, makes the following findings:

1. Petitioner alleges in Ground One of his Amended motion that that his appointed attorney provided constitutionally ineffective assistance by failing to explain "the significance of the case," and by refusing to file certain motions or make certain arguments that Hall requested, which Hall contends would have resulted in a lower sentence than this Court imposed.

2. Through these claims, Hall has put in issue the advice that he received from counsel on those issues, and the communications between Hall and his counsel regarding those issues.

3. The government has requested to interview Hall's court-appointed attorney regarding attorney-client communications regarding the issues identified above, and to review records and documents in counsel's files relating to those issues.

In light of these findings, the Court will grant the limited waiver of attorney-client privilege as set forth in this Memorandum & Order.

Because Petitioner has submitted several letters to the Court, the Court also notes that Petitioner's all-inclusive Amended Petition raises four grounds for relief: 1) allegations of ineffective assistance of counsel as to the issues asserted in Ground One of the Petition; 2) allegations regarding a lack of physical evidence tying him to the drug conspiracy; 3) allegations of false and misleading statements made by law enforcement; and 4) allegations that the Court imposed an excessive sentence and miscalculated his criminal history. *See* Amended Motion at

5-9. The government's Answer will address all four grounds for relief, as directed in the Court's prior Order to Answer.

Petitioner is advised, however, that he cannot amend his Motion to bring <u>new claims</u> through letter submissions to the Court, and the Court declines to construe Petitioner's letters as amendments to his all-inclusive Amended Motion.[1]  Once the government submits the Answer, Petitioner will have the opportunity to submit a Reply in support of his Amended Motion.  In his Reply, Plaintiff may respond to the government's Answer and provide additional arguments in support of the claims in his Amended Motion.  Petitioner should confine his arguments for relief to his Reply.

For the reasons explained in this Memorandum and Order and for good cause shown;

**IT IS**, on this  <u>29th</u> day of April 2022,

**ORDERED** that the government's motion seeking an Order declaring a limited waiver of movant Taques Hall's attorney-client privilege with his court-appointed counsel, Michael N. Huff, Esq, on the issues identified on page 5 of Hall's Amended Motion (ECF No. 11) is GRANTED; and it is further

**ORDERED** that Hall's attorney-client privilege with Michael N. Huff, Esq., is waived on the limited issues identified above, and in Ground One of Hall's § 2255 motion; and it is further

**ORDERED** that the government may interview Mr. Huff regarding the discussions that he had with, and the advice that he provided to, Hall on these issues; and

---

[1] To the extent Petitioner is seeking through his letter submissions to bring any <u>new claims that are not set forth in his Amended Motion</u>, *see* ECF No. 4, he would need to file a motion to amend pursuant to Fed. R. Civ. P. 15.  Unless an amended claim is based on newly discovered evidence or a new rule of constitutional law, any new claim(s) must relate back to the earlier claims to be timely at this juncture.

3

it is further

**ORDERED** that the government may review any and all records and documents in counsel's files that are directly related to the issues raised in Ground One of Hall's motion; and it is further

**ORDERED** that the government shall file a full answer to Hall's § 2255 motion within 45 days of this order, as directed in the Court's prior Order; and it is further

**ORDERED** that Hall may file a reply within 45 days of his receipt of the government's answer; and it is further

**ORDERED** that Petitioner shall confine his arguments in support of relief to his reply; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner at the address on file.

<u>s/Freda L. Wolfson</u>
Freda L. Wolfson
U.S. Chief District Judge