**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TAQUES HALL,

               Petitioner,

               v.

UNITED STATES OF AMERICA,

               Respondent.

Civil Action No. 21-701 (MAS)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Petitioner's amended motion to vacate sentence. (ECF No. 4.) Following an order to answer, the Government filed a response to the motion. (ECF No. 30.) Petitioner did not file a reply. (ECF Docket Sheet.) For the following reasons, the Court denies Petitioner's amended motion and denies Petitioner a certificate of appealability.

**I.    BACKGROUND**

    In October 2018, Petitioner was charged in a criminal complaint with engaging in a conspiracy to distribute and possession with the intent to distribute more than a kilogram of heroin. (*See* ECF No. 30-3 at 2.) The evidence against Petitioner included a large amount of wiretap-related evidence connecting him to the distribution of a significant amount of heroin in connection with other members of the conspiracy. (*Id.* at 4.) On April 1, 2019, after a proffer with Petitioner including this wiretap evidence, the Government extended a plea offer in which Petitioner would plead guilty to conspiracy to distribute one kilogram of heroin, subject to a mandatory minimum sentence of ten years, and which would have required Petitioner to admit to having been

responsible for between one and three kilograms of heroin. (*Id.* at 4-5.) Petitioner informed counsel that he was unwilling to accept this plea, but he was interested in a plea agreement involving a lesser quantity of drugs. (*Id.* at 5.)

Counsel therefore engaged in plea discussions with the Government, ultimately securing a plea agreement which required Petitioner to plead guilty to conspiracy to distribute 100 grams or more of heroin, which carried a mandatory minimum of only five years. (*Id.* at 6.) As part of that agreement, however, Petitioner was still required to stipulate that he was responsible for between 400 and 700 grams of heroin. (*Id.*) Petitioner chose to accept that agreement. (*Id.* at 6-9.)

On July 8, 2019, Petitioner appeared before the Honorable Freda L. Wolfson, U.S.D.J. (ret.) to enter his guilty plea pursuant to the plea agreement. (ECF No. 30-1 at 2.) After confirming to Judge Wolfson that he understood the charges against him, understood his plea agreement, understood the rights he was forfeiting by pleading guilty, and had discussed the matter with counsel to his satisfaction, Petitioner provided a factual basis for his plea. (*Id.* at 1-26.) As part of that basis, Petitioner admitted that between August and October of 2018, he conspired with others to possess and distribute heroin, that he used his cellphone to communicate with other members of the conspiracy and to move the conspirators' supplies of heroin, that he actually possessed and sold quantities of heroin in furtherance of the conspiracy, which he knew to be heroin at the time, and that he was responsible for more than 100 grams of heroin as part of the conspiracy. (*Id.* at 26-28.)

Petitioner appeared for sentencing on February 28, 2020. (ECF No. 30-2.) During Petitioner's sentencing hearing, Judge Wolfson calculated that Petitioner's advisory guidelines offense level, including the drug quantity stipulation and Petitioner's criminal history, provided for a recommended sentence of between 84 and 105 months. (*Id.* at 7.) Neither defense counsel nor the Government disputed this calculation, although defense counsel did argue for a variance

2

such that Petitioner would receive a mandatory minimum sentence. (*Id.* 7-9.) Judge Wolfson rejected that request, however, and sentenced Petitioner to 96 months' imprisonment. (*Id.* at 35.) Petitioner did not seek to appeal his sentence. (ECF No. 30-3 at 10.)

## II.     LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied*, 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

## III.    DISCUSSION

### A.     No Hearing Is Needed To Resolve Petitioner's Claim

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545-56 (3d Cir. 2005) (citing *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)); *United States v. Day*, 969 F.2d 39, 41-42 (3d

Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. As Petitioner's claims are without merit for the reasons expressed below, no hearing is needed in this matter.

> B.  **Petitioner's Ineffective Assistance Claim**

In his first claim, Petitioner asserts that his plea counsel proved ineffective in failing to file motions he requested challenging the amount of drugs attributed to him, which he believes would have resulted in an "appropriate sentence." The standard applicable to ineffective assistance claims is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.
>
> In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's

4

>performance, courts "must be highly deferential . . . [and] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.
>
>Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge*, 119 F. Supp. 3d at 280-81.

In his amended motion to vacate, Petitioner does not clearly identify the types of motions he wishes counsel had filed. According to Petitioner, he requested that counsel file motions challenging "discrepancies" in the "case narrative" as to the amount of drugs involved, which he believes would have lessened the sentence he received. Petitioner, however, presents no basis for a motion which would have effectively altered the drug quantity calculation, nor has he in any way shown that such a motion would have been meritorious. Petitioner has therefore failed to show that he was prejudiced by counsel's alleged failure to file the motions in question. *See United States v. Aldea*, 450 F. App'x 151, 152 (3d Cir. 2011); *Werts v. Vaughn*, 228 F.3d 178, 203 (3d

Cir. 2000) (counsel cannot be ineffective by failing to file a meritless motion). Petitioner's ineffective assistance of counsel claim is thus without merit and must be denied.

### C.   Petitioner's Evidentiary Claim

In his next claim, Petitioner asserts that there was insufficient physical evidence to support his conviction as the evidence against him which led to his guilty plea consisted mainly of phone conversations with only one other member of the conspiracy and did not involve seized heroin. In making this claim, however, Petitioner fails to realize that his conviction rests not on a presentation of insufficient evidence, but rather on his own admissions in open court to engaging in the drug conspiracy. By choosing to plead guilty to the charged crime, Petitioner waived his right to challenge the sufficiency of the evidence against him, or assert other alleged infirmities not related to the guilty plea itself. *See United States v. McLaughlin*, 82 F. App'x 741, 743 (3d Cir. 2003); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (guilty plea is a "break in the chain of events which has preceded it in the criminal process [and] . . . [w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty . . . he may not thereafter raise independent claims relating to the deprivation of constitutional rights" not related to his guilty plea). In his guilty plea, Petitioner directly admitted to engaging in the conspiracy, possessing, selling, and otherwise distributing heroin, and that his involvement exceeded 100 grams of heroin. Petitioner's admissions are more than sufficient to support his conviction, and Petitioner's challenge to the sufficiency of the evidence against him is meritless.

### D.   Petitioner's False Statements Claim

Petitioner next claims that one of the detectives involved in investigating the conspiracy for which he was convicted gave false testimony in a hearing in the criminal case of one of his co-conspirators. This claim does not appear to involve any of the investigations into Petitioner himself. Rather, the claim appears to be Petitioner's attempt to poison the well as to his own

prosecution by identifying an alleged bad actor among the many state investigators involved in the case. In any event, Petitioner's claim sets forth no valid basis for relief as Petitioner has failed to demonstrate that the allegedly false statements by the investigator regarding a completely different defendant had a substantial and injurious effect upon Petitioner's guilty plea and resulting sentence, which were completely divorced from those allegations. *See, e.g., Fry v. Pliler*, 551 U.S. 112, 115-16 (2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993)) (proposing that even constitutional claims will be deemed harmless on collateral review unless the petitioner can show they had a substantial and injurious effect upon the outcome of the criminal proceedings). Petitioner's false statement claim thus fails to provide a valid basis for relief.

### E. Petitioner's Sentencing Claim

In his final claim, Petitioner contends that his sentence is unreasonable in light of the nature of his conduct and is therefore excessive and should be reconsidered. Petitioner presents no basis for finding the sentence unreasonable or otherwise excessive other than his assertion that the evidence against him did not include physical evidence. The Court rejected this argument above. Even putting aside the fact that Petitioner appears to misunderstand that he provided the factual basis for his sentence in his guilty plea and sentencing stipulations in his plea agreement, and his sentence is in conformance with the applicable guidelines, Petitioner's claim is not cognizable in this § 2255 matter. As the Third Circuit has explained,

> Supreme Court precedent recognizes that § 2255 may remedy a nonconstitutional claim such as a flawed sentence in two circumstances. First, if a sentencing error resulted in an omission inconsistent with the rudimentary demands of fair procedure[, and s]econd, if a sentencing error constitutes a fundamental defect which inherently results in a complete miscarriage of justice.

*United States v. Folk*, 954 F.3d 597, 602 (3d Cir.) (internal citations and quotations omitted), *cert. denied*, 141 S. Ct. 837 (2020). Petitioner's claim, which asserts nothing but his own disagreement

with the reasonableness of his sentence and the advisory guidelines range which resulted from his admissions and stipulations, falls into neither category. As Petitioner's claim is thus not cognizable in a § 2255 matter, and as Petitioner has failed in any event to show any actual defect in his sentence other than his own displeasure at its length, Petitioner's claim provides no basis for relief. As all of Petitioner's claims are without merit, his amended motion to vacate sentence is denied.

### F. Certificate Of Appealability

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Petitioner's claims are without merit for the reasons set forth above, Petitioner is denied a certificate of appealability as he has failed to make a substantial showing of the denial of a constitutional right.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's amended motion to vacate sentence (ECF No. 4) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE