UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAQUES HALL,<br><br>Petitioner,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 21-701 (MAS)<br><br>MEMORANDUM ORDER |

This matter comes before the Court on Petitioner Taques Hall's motion seeking a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c). (ECF No. 40.) As this Court recently explained to Petitioner (*see* ECF No. 39), motions seeking a reduction of sentence pursuant to 18 U.S.C. § 3582(c) may not be brought in a habeas matter, such as this § 2255 proceeding, but must instead be filed in the movant's criminal matter before the sentencing court. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 595-96 (3d Cir. 2020); *Gregory v. Grondolsky*, 365 F. App'x 326, 237 (2010). Consequently, to the extent Petitioner wishes to proceed with a motion for a reduction of sentence or compassionate release under § 3582(c),[1] he must do so by filing an appropriate motion in his criminal proceeding in Docket No. 19-471 before Judge Castner.

---

[1] Petitioner's current motion appears to arise out of some proceedings that occurred in his underlying criminal proceeding. In July 2022, the prosecutor in that matter wrote a letter to the Honorable Freda L. Wolfson (ret.), who then presided over the case, suggesting that counsel be appointed for Petitioner for the sole purpose of exploring a § 3582(c) motion as "a constellation of unusual circumstances – unforeseen to the parties and the Court at the time of sentencing - . . . resulted in [Petitioner] having yet to begin his sentence[] more than two years after the Court imposed it" and these unforeseen events might warrant a "modest discretionary reduction" in Petitioner's sentence. (*See* Docket No. 19-471 at ECF No. 322 at 2.) Judge Wolfson appointed counsel for that purpose, but appointed counsel never filed such a motion. (Docket No. 19-417 at ECF No. 323.) Petitioner's current motion seeks a reduction in sentence or compassionate release based on the issues the Government raised in its letter and on his displeasure with appointed counsel's lack of filing since counsel was appointed in August 2022. Petitioner's claim thus does not relate to the validity of his conviction or sentence, but rather goes to whether discretionary relief might be warranted based on unforeseen changes in circumstances and would only be proper in a § 3582(c) motion filed in the underlying criminal case.

**IT IS THEREFORE**, on this 1st day of May, 2025, **ORDERED** that:

1. The Clerk of the Court shall re-open this matter for the purposes of this Order only;

2. Petitioner's motion seeking compassionate release or a reduction in his sentence (ECF No. 40) is **DISMISSED WITHOUT PREJUDICE** as improperly filed in this habeas matter;

3. To the extent Petitioner wishes to pursue his argument under § 3582(c), he must do so by filing an appropriate motion in his underlying criminal matter, Docket Number 19-471; and

4. The Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

_/s/ Michael A. Shipp_
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**